MCGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO.  1:18-CR-00199 NONE-BAM** |
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON** |
| v. | |
| ELADIO FELIX-RAMIREZ, ET. AL. | Date: September 14, 2020 |
| Defendants. | Time: 1:00 p.m. |
| | Honorable Barbara A. McAuliffe |

The United States of America, by and through MCGREGOR W. SCOTT, United States

Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by

and through their respective attorneys of record, hereby stipulate to continue the status conference in this

case from September 14, 2020 until November 23, 2020 at 1:00 p.m.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

Eastern District of California until further notice.  This General Order was entered to address public

health concerns related to COVID-19.  Further, pursuant to General Order 611 and 620, this Court's

declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE

1

1    Although the General Orders and declaration of emergency address the district-wide health

2 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4 findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5 record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such

6 failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

8 findings on the record "either orally or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10 and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

11 emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12 judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13 action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

14 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

15 case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16 such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17    The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19 continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20 discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21 week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23 *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24 exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25 The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26 by the statutory rules.

27    In light of the societal context created by the foregoing, this Court should consider the following

28 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION TO CONTINUE STATUS CONFERENCE          2

1   justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

2   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3   pretrial continuance must be "specifically limited in time").

4         The parties request that time be excluded between September 14, 2020 and November 23, 2020

5   for the following reasons:  the defendants need additional time to review the discovery, consult with

6   their clients, and conduct further investigation.  The case involves several wire taps, drug seizures,

7   approximately 10,000 pages of discovery, and digital discovery in the form of several gigabytes.  The

8   proposed status conference date represents the earliest date that all counsel are available thereafter,

9   taking into account counsels' schedules, defense counsels' commitments to other clients, and the need

10  for preparation in the case and further investigation.  In addition, the public health concerns cited by

11  General Order 611, 612, and 617 and presented by the evolving COVID-19 pandemic, an ends-of-justice

12  delay is particularly apt in this case because counsel or other relevant individuals have been encouraged

13  to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid

14  personal contact should the hearing proceed.

15        The parties further believe that time should be excluded, in that failure to grant the requested

16  case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

17  both the defendants and the government the reasonable time necessary for effective preparation, taking

18  into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

19  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

20  interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

21  ///

22  ///

23  ///

24  ///

25  ///

26

27      [2] The parties note that General Order 612 acknowledges that a district judge may make
    "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
    Cal. March 18, 2020).

28

STIPULATION TO CONTINUE STATUS CONFERENCE            3

1    Act.  Therefore, the parties request that the Court exclude the time until the new trial date from

2    calculations under the Speedy Trial Act.

3    Dated: September 9, 2020                              MCGREGOR W. SCOTT
                                                           United States Attorney
4

5                                                          /s/ *Kathleen A. Servatius*
                                                           KATHLEEN A. SERVATIUS
6                                                          Assistant United States Attorney

7
     Dated:  September 9, 2020                             /s/ *Roger Bonakdar*
8                                                          Attorney for Eladio Felix-Ramirez

9
     Dated:  September 9, 2020                             /s/ *Reed Grantham*
10                                                         Attorney for Defendant Jessiel Felix-Ramirez

11

12                                              **ORDER**

13          IT IS HEREBY ORDERED that the status conference in this case be continued from September

14   14, 2020 and **November 23, 2020 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**

15          IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as

16   requested outweigh the interest of the public and the defendants in a trial within the original date

17   prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of

18   computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

19   commence, the time period of September 14, 2020 and November 23, 2020, inclusive, is deemed

20   excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by

21   the Court at the parties' request on the basis of the Court's finding that the ends of justice served by

22   taking such action outweigh the best interest of the public and the defendant in a speedy trial.

23

24
     IT IS SO ORDERED.
25

26      Dated:   **September 10, 2020**              /s/ *Barbara A. McAuliffe*
27                                                   UNITED STATES MAGISTRATE JUDGE

28

STIPULATION TO CONTINUE STATUS CONFERENCE                    4